JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.  ED CV 09-01702-SGL(DTBx)                              Date:  September 30, 2009

Title:   DEUTSCHE BANK NATIONAL TRUST COMPANY, ET AL -v- JOSHUA TAYLOR, ET AL
================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, U.S. DISTRICT JUDGE

     Cindy Sasse                                       None Present
     Courtroom Deputy                      Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

None present                                    None present

**PROCEEDINGS:  ORDER REMANDING CASE**

     The present action was improperly removed and the Court lacks subject-matter jurisdiction over it; accordingly, the Court **REMANDS** this case to Riverside County Superior Court.

     At the outset, the Court notes that the removing party is not authorized to remove the present action, as she is not a named defendant in the underlying state-court action.  <u>See</u> 28 U.S.C. § 1441(a) (providing that "defendant or defendants" may remove).  Nevertheless, even overlooking this defect, the case must be remanded as set forth below.

     Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters specifically authorized by Congress or the Constitution.  <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377 (1994).  As the proponent of the Court's jurisdiction, the removing party bears the burden of establishing it.  <u>Abrego Abrego v. The Dow Chemical Co.</u>, 443 F.3d 676, 685 (9th Cir. 2006).

     The Notice of Removal is wholly unclear as to the source of the Court's subject-matter jurisdiction.  The Court may exercise jurisdiction over cases arising under federal law, 28 U.S.C. § 1331, or where there is complete diversity among the parties and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332.

MINUTES FORM 90                                       Initials of Deputy Clerk __cls_____
CIVIL -- GEN                              1

The present action does not arise under federal law; rather, it is a straightforward unlawful detainer action proceeding under state law.

Similarly, the present action does not implicate the Court's diversity jurisdiction. There is no evidence that the removing party and plaintiffs are citizens of different states, and the amount in controversy, which is expressly limited on the face of the Complaint to less than $10,000, does not meet the threshold jurisdictional amount of $75,000 (exclusive of interest and costs), both of which are required to invoke the Court's diversity jurisdiction. See 28 U.S.C. § 1332 (setting forth requirements for diversity jurisdiction). Moreover, in the absence of a federal question, where the Court's jurisdiction is premised on diversity of citizenship, a removing defendant may not be a resident of the forum state; here, the removing party, who reports her address as the property at issue in this action (located in Lake Elsinore, California), clearly runs afoul of this rule. See 28 U.S.C. § 1441(b).

In the absence of subject-matter jurisdiction, this Court is empowered to sua sponte order summary remand of the action. See 28 U.S.C. § 1446(c)(4) (requiring district courts to examine notices of removal and their exhibits and authorizing summary remand in appropriate circumstances); 28 U.S.C. § 1447(c) (requiring district courts to remand cases if it appears, at any time before final judgment is entered, that the court lacks subject-matter jurisdiction). Accordingly, the Court **HEREBY REMANDS** the present action to the Riverside County Superior Court.

The Clerk shall close the case.

**IT IS SO ORDERED.**